Cecilia MOLINA, Petitioner,

v.

Eric H. HOLDER, Jr., Attorney
General, Respondent.

No. 09–70670.

United States Court of Appeals,
Ninth Circuit.

Submitted June 15, 2011.*

Filed June 29, 2011.

Cecilia Molina, pro se.

Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, OIL, Jeffrey Ronald Meyer, Esquire, Ann M. Welhaf, DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

Before: CANBY, O'SCANNLAIN, and FISHER, Circuit Judges.

## MEMORANDUM **

Cecilia Molina, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an immigration judge's decision denying her motion to reopen deportation proceedings conducted in absentia. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen proceedings to rescind an in absentia deportation order, *Chete Jua-rez v. Ashcroft,* 376 F.3d 944, 947 (9th Cir.2004), and we deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Molina's motion to reopen as untimely because she filed the motion almost fourteen years after the issuance of the August 16, 1994, in absentia order, *see* 8 C.F.R. § 1003.23(b)(4)(iii)(A)(1) (motion to reopen must be filed within 180 days of deportation order entered in absentia), and Molina failed to demonstrate she acted with the due diligence required to warrant equitable tolling of the filing deadline, *see Iturribarria v. INS,* 321 F.3d 889, 897 (9th Cir.2003) (a petitioner may obtain equitable tolling based on ineffective assistance of counsel as long as she "act[ed] with due diligence in discovering the deception, fraud, or error").

Molina's challenge to the sufficiency of service of the Order to Show Cause ("OSC") fails because the OSC was sent by certified mail to her address of record and Molina signed the return receipt demonstrating she received the OSC. *See Chaidez v. Gonzales,* 486 F.3d 1079, 1085 (9th Cir.2007).

To the extent Molina challenges the agency's decision not to invoke its sua sponte authority to reopen proceedings, we lack jurisdiction to consider the claim. *See Mejia–Hernandez v. Holder,* 633 F.3d 818, 823–24 (9th Cir.2011).

We deny as moot the government's motion to hold proceedings in abeyance.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.